UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCY
AT LOUISVILLE


THOMAS M. DEAN                                                                      PLAINTIFF

v.                                              CIVIL ACTION NO.   3:10CV-652-JDM

PIKE ELECTRIC COMPANY, ET AL.                                              DEFENDANTS


**MEMORANDUM OPINION**

Earlier in this action, Pike Electric Company filed a motion for partial summary judgment regarding its liability for punitive damages.  The court granted that motion (*see* docket nos. 77 and 78), and neither party objected to the court's decision or requested reconsideration.  At a subsequent settlement conference, however, the parties disagreed about the scope of the court's opinion, which led the plaintiff to file a motion to clarify (docket no. 98).  After considering the motion and all responses thereto, the court will grant the plaintiff's motion to clarify.

Mr. Dean asserts that the court's previous opinion and order dealt solely with the issue of whether punitive damages could be assessed against Pike Electric with respect to the conduct of the defendant Gary Burgess.  Pike Electric argues that this decision is "totally at odds with the briefing of Pike Electric's motion for partial summary judgment and with the court's memorandum opinion."  The court respectfully disagrees.

Although the court respects the vigorous advocacy of counsel for Pike Electric, the only fair reading of Pike Electric's motion for partial summary judgment, and the response and reply, is not a broad one.  Although Pike Electric's hiring and retention of Mr. Burgess were certainly discussed in the parties' pleadings and in the court's memorandum opinion, those facts were presented as background information with respect to whether Pike might subject to punitive

damages based on its vicarious liability for the actions of only one employee – Mr. Burgess. It is not accurate to say that Pike Electric's potential liability based on any of its *other* employees' actions (specifically their allegedly negligent hiring, supervision, and retention of Mr. Burgess) was briefed or decided by this court. As the court stated in its memorandum opinion, to which Pike Electric did not object: "Neither party asserts that Pike Electric either authorized or ratified Mr. Burgess's operation of a Pike vehicle while drunk and on duty, *so the only question for this court* is whether Pike should have anticipated that Mr. Burgess would do so."

The court notes, however, that for many of the same reasons discussed in the court's memorandum opinion, Pike Electric's potential liability for punitive damages with respect to Mr. Dean's negligent hiring, retention and supervision claim is by no means assured. Pike may very well be entitled to summary judgment of that issue, too, but the court expresses no opinion on the matter because liability based on that particular claim has not been adequately briefed. Accordingly, if Pike Electric wishes to do so, the court will permit Pike Electric a brief opportunity to file an additional motion for partial summary judgment regarding its potential liability for punitive damages with respect to Mr. Dean's negligent hiring, supervision, and retention claim, in order to permit the parties to sufficiently narrow the issues presented to the jury at the trial of this matter.

The court will enter a separate order consistent with this memorandum opinion.

DATE:


Cc: Counsel of Record